**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4372**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LYCURTIS THOMPSON,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:22-cr-00036-D-RJ-1)

—————————

Submitted:  February 22, 2024           Decided:  February 27, 2024

—————————

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

—————————

**ON BRIEF**: Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lycurtis Thompson pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 71 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether (1) Thompson's appeal waiver is enforceable; (2) Thompson's guilty plea was valid; (3) trial counsel rendered ineffective assistance; (4) the district court properly applied the Sentencing Guidelines; and (5) the prosecutor engaged in misconduct. In a pro se supplemental brief, Thompson details the circumstances of his trial counsel's alleged ineffectiveness. The Government moves to dismiss Thompson's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Thompson knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raises by *Anders* counsel fall squarely within the waiver's scope.

The waiver provision, however, does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See id.* at 364. Because Thompson did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Thompson entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea and all elements of his offense, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Thompson's ineffective assistance and prosecutorial misconduct claims also fall outside the scope of the appeal waiver. There is no evidence in the record to support Thompson's conclusory claim of prosecutorial misconduct. To demonstrate ineffective assistance of trial counsel, Thompson "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08

3

(4th Cir. 2016). Instead, such claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We conclude that ineffectiveness of counsel does not conclusively appear on the face of the record before us.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Thompson's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*